UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CAROLINE ALANA LEWIS-GURSKY, and
RUBEN CHEZ, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

  -v-                                                   No.  15CV3213-LTS-DCF

CITIGROUP, INC., and JUDGE
TECHNICAL SERVICES, INC.,

        Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Before the Court is a motion brought by Defendants Citigroup, Inc. ("Citi") and Judge Technical Services, Inc. ("Judge" and, collectively, "Defendants"), seeking an order, pursuant to 28 U.S.C. § 1404(a), transferring this putative nationwide Fair Labor Standards Act ("FLSA") collective action[1] to the United States District Court for the Middle District of Florida. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

        The Court has carefully reviewed the parties' submissions. For the following reasons, Defendants' motion to transfer venue is granted.

---

[1] As explained infra, one of the two Plaintiffs also purports to represent a Federal Rule of Civil Procedure 23 class with respect to a New Jersey state wage and hour law claim.

BACKGROUND[2]

Citi is a Delaware corporation headquartered in the Southern District of New York and Judge is Delaware corporation headquartered in Pennsylvania. (Am. Compl. ¶¶ 48, 49.) Plaintiff Caroline Alana Lewis-Gursky ("Lewis-Gursky") is a citizen of Florida. (Id. ¶ 7.) On April 23, 2015, Lewis-Gursky filed her initial Complaint in this action, alleging that she had been employed by Defendants from approximately 2008 to July 2014 and that she had been assigned to work at Citi's office in Tampa, Florida. (See generally Docket Entry No. 1; see also Am. Compl. ¶ 11.) Plaintiff claims that, throughout the course of her employment, she regularly worked more than 40 hours per week but was not paid overtime compensation as required by the FLSA. (Am. Compl. ¶ 17.) Lewis-Gursky further alleges that, "[p]ursuant to corporate policies formulated in whole or in part at Citi's headquarters in New York and applicable at Citi's locations nationwide, Defendants have denied Collective and Class Members" overtime compensation. (Id. ¶ 75.)

On July 2, 2015, Defendants moved to transfer this case to the Middle District of Florida. (Docket Entry No. 23.) On July 9, 2015, Plaintiff filed an Amended Complaint, adding a second named Plaintiff, Ruben Chez ("Chez"). (Am. Compl. ¶¶ 28-47.) Chez claims that he had been employed by Defendants from approximately January 2015 to April 2015 and that he had been assigned to work at Citi's office in Jersey City, New Jersey. (Id. ¶¶ 29, 32.) A citizen of New Jersey (id. ¶ 28), Chez asserts a federal claim substantially similar to Lewis-Gursky's – that Defendants failed, pursuant to a company-wide practice and policy "formulated in whole or part at Citi's headquarters in New York," to pay overtime compensation that was due under the

---

[2] The facts recited herein are drawn from the First Amended Complaint ("Am. Compl."). (Docket Entry No. 26.)

FLSA and also purports to represent the nationwide FLSA collective. (Am. Compl. ¶¶ 75-76.) The Amended Complaint also adds a New Jersey state wage and hour law claim on behalf of Chez and a Federal Rule of Civil Procedure 23 class of similarly situated individuals. (Id. ¶ 63.)

## DISCUSSION

Section 1404(a) of Title 28 of the United States Code permits a district court to transfer any civil action to another district where it might have been brought when such a transfer serves "the convenience of the parties and witnesses, [and is] in the interest of justice." 28 U.S.C.S. § 1404(a) (LexisNexis 2012). "Section 1404(a) proposes a two-part test. First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent . . . . Second, the transfer must be in the interest of justice and convenience of the parties and witnesses." Whitehaus Collection v. Barclay Products, Ltd., No. 11CV217-LBS, 2011 WL 4036097, at *1 (S.D.N.Y. Aug. 29, 2011) (internal quotation marks and citation omitted).

Plaintiffs do not dispute that their claims could have been brought in the Middle District of Florida. Having satisfied this threshold inquiry, the Court looks to the following factors in order to determine whether a transfer of venue is appropriate:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Morris v. Ernst & Young, LLP, No. 12CV0838-KW, 2012 WL 3964744, at *3 (S.D.N.Y. Sept.

11, 2012) (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)).  The party seeking transfer "carries the burden of making out a strong case for transfer" by pointing to "clear and convincing evidence" upon which the Court can base its decision.  Hix v. Morgan Stanley & Co. LLC, No. 15CV217-LTS-JCF, 2015 WL 1726548, at *1 (S.D.N.Y. April 15, 2015) (internal quotation marks and citation omitted).  District courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness [must be] considered on a case-by-case basis."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

The Second Circuit has recognized that a plaintiff's choice of forum is, as a general rule, "presumptively entitled to substantial deference."  Gross v. British Broad. Corp., 386 F.3d 224, 230 (2d Cir. 2004); see also Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) ("A plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer.").  However, a plaintiff's choice of forum is entitled to substantially less deference when the forum she selects is not her home district.  Freeman v. Hoffmann–La Roche Inc., No. 06CV13497-RMB, 2007 WL 895282, at *3 (S.D.N.Y. Mar. 21, 2007) ("This factor is less compelling where, as here, plaintiffs choose a forum that is not their home district"); see also Intria Corp. v. Intira Corp., No. 00CV7198-AGS, 2000 WL 1745043, at *8 (S.D.N.Y. Nov. 27, 2000) ("where the forum is not the plaintiff's home district, the plaintiff's choice of forum is given less deference, even when the plaintiff's home district is adjacent to the forum.").  In "the absence of factual proffers indicating that relevant evidence is likely to be located" in the chosen district, the choice of a non-home district may indicate forum shopping.  Hix, 2015 WL 1726548, at *1.  "The interests of justice require that this Court not reward [forum shopping]."  Freeman, 2007 WL

895282, at *1 (quoting In re Eclair Bakery Ltd., 255 B.R. 121, 142 (Bankr. S.D.N.Y. 2000)). Furthermore, "a plaintiff's choice of forum 'is afforded little weight' in a purported class action, as here, where 'numerous potential plaintiffs [are] each possibly able to make a showing that a particular forum is best suited . . . .'" Freeman, 2007 WL 895282, at *3 (citing Eichenholtz v. Brennan, 677 F. Supp. 198, 202 (S.D.N.Y. 1998)).

Lewis-Gursky is a citizen of the Middle District of Florida and Chez is a citizen of New Jersey, thus the Southern District of New York is not the home forum of either named plaintiff. (See Am. Compl. ¶¶ 7, 28.) In light of this fact, and because this case is a purported nationwide collective and New Jersey class action, the Court gives Plaintiffs' choice of this New York venue only limited deference. Freeman, 2007 WL 895282, at *4. Moreover, Plaintiffs have not identified a single potential witness located in the Southern District of New York, whereas Defendants have identified multiple potential witnesses located in or near the Middle District of Florida. (See Docket Entry No. 25, Exs. A, B.) In addition, the Citi location at which Lewis-Gursky was employed – and where the overtime hours in this case were allegedly worked – is located in the Middle District of Florida, and relevant documents and sources of proof with respect to Lewis-Gursky's claims are presumably located there as well. Furthermore, Chez was allegedly employed outside of New York State. In the absence of any factual proffer indicating that relevant evidence is likely to be located in this district, Plaintiffs' choice of a New York venue raises an inference of forum shopping. Hix, 2015 WL 1726548, at *1. Indeed, in her Opposition Memorandum, Lewis-Gursky essentially admits as much, arguing that the Southern District of New York represented the best venue in which to file suit because she believes that the case law is favorable to FLSA plaintiffs. (See Pl. Opp. Memo at p. 5.) Each of these considerations weighs in favor of granting Defendants' transfer motion. See Freeman, 2007 WL

895282, at *1

Furthermore, although Lewis-Gursky conclusorily alleges in the Amended Complaint that she was denied overtime pay pursuant to a company-wide Citi policy, she has identified no facts, evidence, or witnesses in support of this claim that are situated in the Southern District of New York or anywhere else.  Plaintiffs' opposition makes an unelaborated reference to Citi's "corporate" "'Professional Day' and 'Professional Week' policies, under which IT workers are [allegedly] denied pay for hours worked over eight in a day and 40 in a week"  (see Docket Entry No. 27 ("Pl. Opp. Memo") at p. 5), but neither policy is referred to in the Amended Complaint and Plaintiffs proffer no explanation in their opposition as to the nature or locus of evidence substantiating the relevance of the policies.  Thus, the supposed company-wide policy upon which Lewis-Gursky heavily relies does not weigh in favor of deferring to her choice of venue.

The Amended Complaint's addition of a second named plaintiff who lives and worked in New Jersey fails to provide any further nexus to the Southern District of New York.  Indeed, Plaintiff's addition of the second plaintiff after the transfer motion practice was initiated is strongly indicative of forum shopping.  The Middle District of Florida is just as capable as the Southern District of New York of adjudicating FLSA claims arising from employment in New Jersey.  The Middle District of Florida is also equally capable of evaluating any pendent New Jersey state wage and hour law claims.

The Court accordingly finds that the relevant factors weigh in favor of transferring this action to the United States District Court for the Middle District of Florida.  The Defendants have demonstrated that the interests of justice and convenience to the parties and witnesses strongly favor transfer of this case to the United States District Court for the Middle

District of Florida.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue is granted.  The Clerk of Court is requested to transfer the above-captioned action to the United States District Court for the Middle District of Florida and close this case.

This Memorandum Opinion and Order resolves Docket Entry Number 23.

SO ORDERED.

Dated: New York, New York
       December 11, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge