**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **CAROLINE ALANA LEWIS-GURSKY, and RUBEN CHEZ, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CITIGROUP, INC., and JUDGE TECHNICAL SERVICES, INC.,**<br><br>**Defendants.** | **Case No. 15 Civ. 2887** |

**PLAINTIFFS' MOTION TO STRIKE DECLARATIONS OF UNDISCLOSED
WITNESSES AND TESTIMONY REGARDING UNPRODUCED DOCUMENTS
(ECF Nos. 175-184)**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................... 1

I.     Defendants Failed To Comply with Fed. R. Civ. P. 26 ..................................... 1

     A.    The Undisclosed Testimony Is Not Critical to Defendants' Opposition .............. 3

     B.    Defendants Proffer No Valid Reason For Failing to Update their Disclosures ... 5

     C.    Plaintiffs Are Prejudiced by Defendants' Failure to Disclose the Declarants ..... 7

II.    Defendants Should Not Be Allowed to Rely on Data They Withheld In Discovery ..... 8

CONCLUSION ..................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                              **Page(s)**

*Bush v. Gulf Coast Elec. Co-op.*,
    No. 13 Civ. 369, 2015 WL 3422336 (N.D. Fla. May 27, 2015) .................................................. 7, 8

*Cooley v. Great S. Wood Preserving*,
    138 F. App'x 149 (11th Cir. 2005) ....................................................................................... 2

*GamerModz, LLC v. Golubev*,
    No. 10 Civ. 1466, 2011 WL 4755026 (M.D. Fla. Aug. 3, 2011) ........................................ 2, 6, 7, 9

*Grayson v. K Mart Corp.*,
    79 F.3d 1086 (11th Cir. 1996) ............................................................................................ 4

*Hipp v. Liberty Nat. Life Ins. Co.*,
    252 F.3d 1208 (11th Cir. 2001) .......................................................................................... 4

*Korenblum v. Citigroup*,
    No. 15 Civ. 3383, ECF No. 77 (S.D.N.Y. April 5, 2016) .................................................... 7

*Mooney v. Aramco Servs. Co.*,
    54 F.3d 1207 (5th Cir. 1995) .............................................................................................. 4

*Pete's Towing Co. v. City of Tampa, Fla.*,
    378 F. App'x 917 (11th Cir. 2010) ..................................................................................... 2, 3

*Roberts v. Scott Fetzer Co.*,
    No. 07 Civ. 80, 2010 WL 3546499 (M.D. Ga. Sept. 7, 2010) ................................................. 5, 6

*Sec. & Exch. Comm'n v. Lauer*,
    No. 03 Civ. 80612, 2013 WL 11327708 (S.D. Fla. June 13, 2013) ........................................... 7, 9

*Vondriska v. Premier Mortg. Funding, Inc.*,
    564 F. Supp. 2d 1330 (M.D. Fla. 2007) ............................................................................... 3, 9

**Statutes**

29 U.S.C. § 216(b) ...................................................................................................................... 1, 2

**Other Authorities**

Fed. R. Civ. P. 26(a)(1)(A) ....................................................................................................... 2,8

Fed. R. Civ. P. 37(c)(1) ............................................................................................................. 1, 2

**INTRODUCTION**

Plaintiffs move pursuant to Fed. R. Civ. P. 37(c)(1) to strike declaration testimony by witnesses who were not previously disclosed by Defendants or that relies on documents that were requested in discovery but never produced.  Specifically, Plaintiffs move to strike four declarations by employees of third-party vendors ("Vendor Declarants"),[1] five declarations of what appear to be members of Plaintiffs' proposed collective ("Worker Declarants"),[2] and ¶ 8 of the Declaration of Donna Gruppuso, ECF No. 175, all of which Defendants rely on in opposing Plaintiffs' Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). ECF No. 173 (Defs.' Opp.), 170 (Pls.' Mot.).  Although Defendants filed the undisclosed declarations on November 4, 2016, they did not update their Rule 26 disclosures to include the declarants until November 10, 2016, more than a month after the close of discovery.  *See* Brooks Decl. Ex. A (Defendants' Supplemental Disclosures).  Defendants' attempt to rely on undisclosed testimony and – in the Gruppuso declaration – on data that Defendants objected to producing throughout discovery is an abuse of process that prejudices Plaintiffs and is sanctionable under Rule 37(c)(1).

I.    **Defendants Failed To Comply with Fed. R. Civ. P. 26.**

Defendants failed to fulfill their obligation to disclose the Vendor Declarants or the Worker Declarants during discovery and should be precluded from relying on their testimony now.  Rule 26 mandates that all parties disclose "the name . . . of each individual likely to

---

[1]      The vendor declarants include Janice Turano, of Judge Technical Services, Inc. ECF No. 176; Uma Sivasubramani, of Tata Consultancy Services, ECF No. 177; Nicki McDaniel, of Apex Systems, ECF No. 178; and Roshni Patel, of Apex Systems, ECF No. 179.  With the exception of Judge Technical Services, Inc., none of these vendors are parties to this action.

[2]      The apparent members of the putative collective include Santosh Iyer, ECF No. 180; Ranjeet Sinha, ECF No. 181; Jose Evora, ECF No. 182; Yadira Benitez, ECF No. 183; and ZiYuan Huang, ECF No. 184.

1

have discoverable information . . . that the disclosing party may use to support its claims or

defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A).  A

party that fails to make these disclosures, or to supplement them in a timely manner pursuant

to Fed. R. Civ. 26(e)(1)(A), "is not allowed to use that information or witness to supply

evidence on a motion . . . unless the failure was substantially justified or is harmless."  Fed.

R. Civ. P. 37(c)(1).  Although Rule 37 is said to provide "a self-executing sanction," *see*

1994 Advisory Committee Comments, courts have not hesitated to strike declarations where

litigants use them to ambush another party by failing to disclose them.  *See, e.g., Pete's*

*Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917, 920 (11th Cir. 2010); *Cooley v. Great*

*S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005); *GamerModz, LLC v. Golubev*,

No. 10 Civ. 1466, 2011 WL 4755026, at *7 (M.D. Fla. Aug. 3, 2011), *report and*

*recommendation adopted,* No. 10 Civ. 1466, 2011 WL 4753535 (M.D. Fla. Oct. 7, 2011).

Defendants do not proffer the undisclosed declarations for impeachment purposes.

None of them directly address the testimony of other witnesses in the case.  Instead,

Defendants rely on them to argue that other employees have experiences different from

Plaintiffs, in an effort to defeat Plaintiffs' Motion for Court-Authorized Notice Pursuant to 29

U.S.C. § 216(b).  *See* ECF No. 173 at 6-8.  Although Defendants belatedly updated their

disclosures yesterday, they only did so after Plaintiffs requested to meet and confer with

them about a request to file a reply brief to address the undisclosed witnesses and other

issues.  *See* Brooks Decl. ¶¶ 6-7[3].

In considering a motion to strike pursuant to Rule 37(c)(1), courts consider (1) the

---

[3]        Plaintiffs filed their request for permission to file a reply brief earlier today.  *See* ECF No. 185

importance of the testimony; (2) the reason for the failure to disclose the witness; and (3) the prejudice to the opposing party.  *See Pete's Towing*, 378 F. App'x at 920.  Each of these factors weighs in favor of striking the Vendor Declarations and the Worker Declarations.

### A.    The Undisclosed Testimony Is Not Critical to Defendants' Opposition.

Although Defendants rely heavily on the undisclosed declarations, they are not an exclusive source of evidence.  Defendants proffer the Worker Declarations to show that some workers allegedly billed and were paid for overtime hours.  *See* Iyer Decl. ¶¶ 7-8; Sinha Decl. ¶ 7; Evora Decl. ¶ 2; Benitez Decl. ¶6; and Huang Decl. ¶ 6.  If the Worker Declarants' claims are true, they would presumably be reflected in Fieldglass data, which Citi unquestionably has access to (although, as discussed below, it objected to producing that data).  The Worker Declarants' claims that they were paid for overtime hours would also be reflected in wage payment data maintained by the vendors, to whom Citi evidently has access, as shown by the fact that Citi obtained declarations from them.  Similarly, Citi relies on the Vendor Declarants' testimony to argue that vendors maintained different payment systems.  *See* ECF No. 173 at 8.  But in the same paragraph, it cites testimony by the Plaintiffs about how they were paid, demonstrating that the Vendor Declarants are hardly indispensable to Defendants' arguments.

Moreover, the cited testimony raises arguments that are not properly addressed at the notice stage of a collective action, but instead at the decertification stage, "when additional information is available regarding the characteristics of the class."  *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1336 (M.D. Fla. 2007) (discounting employer's claims that some locations may have classified employees differently).  At the notice stage,

courts determine whether plaintiffs and potential opt-ins are "similarly situated" based upon detailed allegations in a complaint supported by affidavits. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996); *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). Defendants' rebuttal evidence is unnecessary because Plaintiffs' substantial allegations need only successfully engage the employer's evidence. *Id.* at 1099 n.17. At the second stage of certification, armed with full discovery, the Court can reassess its certification decision. *See e.g.*, *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). If in fact the distinctions raised by the undisclosed declarants are relevant to whether technology workers are similarly situated, those contentions should be tested at this second stage, where both parties have the chance to cross-examine the other side's (properly disclosed) witnesses and test the validity of one another's claims. They should not be resolved at this early stage based on untested representations, through what amounts to litigation by ambush.

Critically, Defendants earlier argued in moving to quash Plaintiffs' deposition subpoenas that testimony from vendors that did not employ parties to this litigation was irrelevant to conditional certification issues. *See* ECF No. 145 at 18 (". . . even assuming, *arguendo*, the subpoenas sought marginally relevant information, the burden and expense they impose on Citi and the non-parties far outweigh any arguable benefit."). Yet now Defendants seek to rely on testimony by Tata Consultancy Services, *see* ECF No. 177, which did not employ any of the Plaintiffs or opt-ins. *See* Brooks Decl. ¶ 4. Defendants' attempts to use the very same discovery that they successfully barred Plaintiffs from obtaining is improper, and Defendants should be estopped from relying on it now. Defendants' tactics

are exactly parallel to those that the court strongly condemned in *Roberts v. Scott Fetzer Co.*, No. 07 Civ. 80, 2010 WL 3546499, at *8 (M.D. Ga. Sept. 7, 2010), where the defendant objected to disclosing the names of third-party distributors, then relied on those same distributors' declarations in opposing a motion for class certification.  The court struck the declarations, explaining:

> Defendant's refusal to disclose the identity of the six [non-party] distributor declarants, as well as its failure to disclose the names and identifying information of its other distributors, is aggravated by the fact that Plaintiff specifically sought this information with legitimate discovery requests . . . No reasonable litigant would assume that an opposing party would seek to use information that it previously refused to produce during discovery.

*Id.* at *8.  It is one thing for Defendants to oppose discovery on grounds such as scope or proportionality.  But they should not be permitted to later rely on that same evidence themselves.  Put another way, Defendants' use of testimony by non-party workers and their staffing agencies either demonstrates that the evidence *is* relevant and proportional to conditional certification issues, in which case their objections were unfounded, or that the testimony is not critical to Defendants' motion, which weighs in favor of striking it.

## B.  Defendants Proffer No Valid Reason For Failing to Update their Disclosures.

Defendants cannot offer any valid excuse for failing to disclose the Worker Declarants or Vendor Declarants prior to using their testimony.  When asked their reasons for failing to supplement their disclosures, Defendants claimed that they obtained the declarations in response to the collective definition in Plaintiffs' 216(b) motion and Plaintiffs' arguments about the experiences of other workers.  *See* Brooks Decl. ¶ 8.  This argument is disingenuous.  Two of the three Vendor Declarations and all of the Worker

Declarations are from employees of vendors that Plaintiffs previously sought discovery from, so there should have been no confusion about the fact that they employ members of the putative collective. *See* Turano Decl. ¶ 1 (Judge Technical Services, Inc.); McDaniel Decl. ¶ 1; Patel Decl. ¶ 1 (Apex Systems).

Moreover, the Defendants' claim that the class definition has changed is inaccurate. Plaintiffs have always sought to conditionally certify a class of hourly technology workers – they have simply added specific data fields to pinpoint who those workers are. Defendants' counsel repeatedly professed an inability to identify technology workers throughout this litigation. *See* Brooks Decl. Ex. B (Aug. 30, 2016 Hrg. Tr.) 49:23-50:25 ("to this day I don't know what IT employees mean"). In response, Plaintiffs addressed exactly this issue during the September 15, 2016 deposition of Donna Gruppuso, when Plaintiffs questioned the witness about whether codes in the Fieldglass database could be used to identify technology workers. *See* Brooks Decl. Ex. C (Gruppuso Tr.) 257:20-258:3 ("TS100 is a non-IT commodity code. TS200 and TS300 are technology commodity codes."). Plaintiffs subsequently used Gruppuso's testimony in discovery motions to identify exactly the same category of workers described in the 216(b) motion. *See* ECF Nos. 146 at 15 (dated Oct. 7, 2016); 161 at 6 (dated Oct. 19, 2016). Defendants' continued pretense that they could not ascertain the members of the collective earlier than the date of Plaintiffs' motion thus, at best, "appears to be a disingenuous attempt to obfuscate what is simply a belated investigation." *See GamerModz*, 2011 WL 4755026, at *7; *see also Roberts*, 2010 WL 3546499, at *7 (claim of ignorance that witnesses had relevant testimony was "no excuse" in light of defendant's "bold attempt" to rely on them to oppose class certification).

Defendants were aware that these witnesses had relevant information.  In fact, Defendants used declarations from some of the same vendors to support similar arguments in *Korenblum v. Citigroup*, No. 15 Civ. 3383, ECF No. 77 at *8-9 (S.D.N.Y. April 5, 2016). Their decision to withhold them here, and to supplement them with additional undisclosed testimony, amounts to little more than "litigation-by-ambush tactics."  *Sec. & Exch. Comm'n v. Lauer*, No. 03 Civ. 80612, 2013 WL 11327708, at *2 (S.D. Fla. June 13, 2013), *aff'd sub nom. S.E.C. v. Lauer*, 610 F. App'x 813 (11th Cir. 2015).

      **C.**      **Plaintiffs Are Prejudiced by Defendants' Failure to Disclose the Declarants.**

As courts routinely recognize, a party's inability to cross-examine or otherwise test a witness's testimony is obviously prejudicial.  *See GamerModz*, 2011 WL 4755026, at *7 (receiving party "had no opportunity to depose these witnesses or otherwise investigate their testimony" thus the fact that they were "sprung . . . at the last possible minute, unquestionably would result in prejudice that supports their exclusion"); *Bush v. Gulf Coast Elec. Co-op.*, No. 13 Civ. 369, 2015 WL 3422336, at *6 (N.D. Fla. May 27, 2015) (where a party must prepare a motion "without knowledge of a potential witness, the failure to disclose the witnesses is not harmless").

Several of the claims made by the undisclosed witnesses present clear grounds for cross-examination or for other discovery to verify their claims.  For example, had Plaintiffs been permitted to depose Uma Sivasubramani, they could have investigated whether her claim that some Tata Consultancy Services employees are paid on a salary basis, Sivasubramani Decl. ¶ 9, is in fact true for workers under the Hourly billing arrangement (her declaration is not clear on this point).  Similarly, Janice Turano asserts that Judge employees

working for Citi were paid for overtime in many work weeks, ¶ 13, but does not state whether this is true for members of the collective identified in this case.  As for the Worker Declarants, it is not apparent that they fit within the definition of the putative collective, because none of them indicate whether they were employed under the TS200 or TS300 Technology codes that Plaintiffs have identified as part of the collective definition.  *See* ECF No. 170 at 4-5.  Their job titles, in most cases, are little help, as at least three of them list job titles that Donna Gruppuso does not identify as titles that exist under the TS200 or TS300 commodity codes.  *Compare* Iyer Decl. ¶ 3, Huang Decl. ¶ 3, and Sinha Decl. ¶ 3 *with* Gruppuso Decl. ¶ 18.  Even short of being able to depose these witnesses, Plaintiffs could have requested data or documents to verify at least the basic facts about the declarants' untested assertions, but Defendants' failure to disclose them "deprived [Plaintiffs] of making that determination."  *Bush*, 2015 WL 3422336, at *6.  Needless to say, the fact that Defendants supplemented their Rule 26 disclosures six days after filing their opposition and more than a month after the close of discovery, Brooks Decl. ¶ 7, hardly cures this prejudice.

## II.  Defendants Should Not Be Allowed to Rely on Data They Withheld In Discovery.

The Court should also prohibit Defendants from relying on data from the Fieldglass billing system, which is incorporated into the declaration of Donna Gruppuso in the form of broad representations claiming to summarize that data.  *See* Gruppuso Decl. ¶ 8 ("based on my review of Fieldglass data . . .").  Gruppuso's declaration does not explain how she "reviewed" Fieldglass data, what data she reviewed, or otherwise lay any foundation for the accuracy of her summary.  *See* FRE 1006.  Nor is the data itself attached to Gruppuso's declaration, which would permit at least some verification of her claims.  Again, it is not

clear from Gruppuso's testimony that she is reviewing the correct data, because although she claims to have reviewed time billed by workers under the "hourly" billing arrangement, she does not claim to have limited her search to the TS200 and TS300 commodity codes that also circumscribe the collective. *See* Gruppuso Decl. ¶ 8.

Plaintiffs requested exactly this data in discovery, but Citi objected to producing it for anyone other than the named and opt-in Plaintiffs. *See* Brooks Decl. Ex. D (Def.'s Resp. to Pls. Req. for Documents) ¶¶ 43, 66, 80. Again, Defendants should not be permitted to argue on the one hand that discovery is not subject to production, only to use it unilaterally in support of their arguments. *See Lauer*, 2013 WL 11327708, at *2 (striking party's motion for summary judgment where it relied on documents that were responsive to adversary's requests but withheld in discovery, citing party's "failures to provide discovery and . . . various procedural and substantive rules violation[s]").

Courts have applied the *Pete's Towing* factors to motions to strike documents that a party relied on but did not produce. *See GamerModz*, 2011 WL 4755026, at *8-9. Here, although the fact that some collective members may have been paid for overtime could be relevant at the decertification stage – if in fact Gruppuso's assertions relate to members of the collective – it is not critical at the notice stage. *See Vondriska*, 564 F. Supp. 2d at 1336. In any event, given that Defendants seek to use the data now, there can be no excuse for failing to produce the same data when it was requested months earlier. Plaintiffs' inability to review the data and investigate the facts surrounding it is clearly prejudicial. Although Plaintiffs will argue, if permitted a reply brief, *see* ECF No. 185, that this evidence should not be considered at this stage of litigation, Defendants have

argued that the Court should consider it, without affording Plaintiffs the opportunity to

rebut it.  This is improper under the Rules of Civil Procedure and should not be permitted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the

declarations of Turano, Sivasubramani, McDaniel, Patel, Iyer, Evora, Benitez, and Huang,

ECF Nos. 176-184, and paragraph 8 of the declaration of Donna Gruppuso.  ECF No. 175.

Dated:   New York, New York
         November 11, 2016

Respectfully submitted,

/s/ Molly A. Brooks
         Molly A. Brooks


**OUTTEN & GOLDEN LLP**
Adam T. Klein (admitted *pro hac vice*)
Molly A. Brooks (admitted *pro hac vice*)
Michael J. Scimone (admitted *pro hac vice*)
Olivia J. Quinto (admitted *pro hac vice*)
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000

**STEPHAN ZOURAS, LLP**
Ryan F. Stephan (admitted *pro hac vice*)
James B. Zouras (admitted *pro hac vice*)
Teresa M. Becvar (admitted *pro hac vice*)
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
Telephone:  (312) 233-1550

David J. Cohen (admitted *pro hac vice*)
604 Spruce Street
Philadelphia, PA 19106
Telephone:  (215) 873-4836

10

**BURR & SMITH, LLP**
Sam J. Smith
Loren B. Donnell
111 2nd Ave. NE, Ste. 1100
St. Petersburg, FL 33701
Telephone:  (813) 253-2010

*Attorneys for Plaintiffs and the Putative*
*Collective*

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, Middle District of Florida, Plaintiffs' counsel

conferred with Defendants' counsel about the relief sought by this motion, which Defendants

oppose.

Dated:   New York, New York
         November 11, 2016

                                        /s/ Molly A. Brooks
                                           Molly A. Brooks

                                        **OUTTEN & GOLDEN LLP**
                                        685 Third Avenue, 25th Floor
                                        New York, NY 10017
                                        Telephone:  (212) 245-1000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 11, 2016, I electronically filed the

foregoing, Plaintiffs' Motion For Leave To File A Reply In Support Motion For Court-

Authorized Notice Pursuant To 29 U.S.C. § 216(B), with the Clerk of the Court by using the

CM/ECF system, which sent notification of such filing to the following counsel of record:

Adam T. Klein, Catherine T. Mitchell, Christopher McNerney, David J. Cohen, James B.

Zouras, Michael J. Scimone, Olivia J. Quinto, Ryan F. Stephan, Teresa Becvar, Loren B.

Donnell, Sam J. Smith, counsel for the Plaintiffs; and Courtney W. Griffin, Derek J.

Dilberian, Michael J. Puma, Samuel S. Shaulson, counsel for the Defendants. I hereby certify

that there are no non-CM/ECF participants in this matter.

Dated:   New York, New York
         November 11, 2016

/s/ Molly A. Brooks
Molly A. Brooks

**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000